**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

PEDRO LUIS VASQUEZ ESTRADA,   :
                              :
            Plaintiff,        :
                              :
v.                            :        Case No. 5:26-cv-86-CAR-ALS
                              :
Warden JOHN OR JANE DOE,      :
                              :
            Defendant.        :

---

**ORDER**

Plaintiff Pedro Luis Vasquez Estrada, a prisoner at Robert Deyton Detention Facility in Lovejoy, Georgia, filed a *pro se* Complaint under 42 U.S.C. § 1983 and a motion to proceed *in forma pauperis* ("IFP"). (Docs. 1, 2). Plaintiff's request to proceed IFP is **GRANTED,** and he must pay a partial initial filing fee of $9.30. As explained below, Plaintiff must also recast his Complaint to state a claim for which relief may be granted.

**MOTION FOR LEAVE TO PROCEED IFP**

Plaintiff seeks leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). (Doc. 2). As it appears Plaintiff is unable to pay the cost of commencing this action, his application to proceed IFP is **GRANTED**. However, even if a prisoner is allowed to proceed IFP, he must pay the full amount of the $350.00 filing fee in installments based on funds in the prisoner's account. When a prisoner has funds in his account, he must pay an initial partial filing fee of twenty percent (20%) of the greater of (1) the average monthly deposits to the prisoner's account, or (2) the average monthly balance in the prisoner's account for the six-month period

immediately preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1).

A review of Plaintiff's account statement shows that in the preceding six months, Plaintiff had total deposits into his account of $279.00. (Doc. 5 at 2). Therefore, Plaintiff's average monthly deposits were $46.50. Twenty percent (20%) of $46.50 is $9.30. Accordingly, it is **ORDERED** that Plaintiff pay an initial partial filing fee of $9.30.

Following payment of the initial partial filing fee, money will be deducted from Plaintiff's account until the filing fee ($350.00) is paid in full as set forth in § 1915(b) and explained below. It is accordingly **DIRECTED** that the **clerk of court** forward a copy of this **ORDER** to the business manager of the facility in which Plaintiff is incarcerated so that withdrawals from his account may commence as payment towards the filing fee. The district court's filing fee is not refundable, regardless of the outcome of the case, and must therefore be paid in full even if the Plaintiff's Complaint (or any part thereof) is dismissed prior to service.

I.    Directions to Plaintiff's Custodian

It is **ORDERED** that the warden of the institution wherein Plaintiff is incarcerated, or the sheriff of any county wherein he is held in custody, and any successor custodians, each month cause to be remitted to the Clerk of this Court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full. In accordance with the provisions of the Prison Litigation Reform Act ("PLRA"), Plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the clerk of court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00. It is further **ORDERED** that collection of monthly payments from Plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of

Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

II.      Plaintiff's Obligations Upon Release

Plaintiff should keep in mind that his release from incarceration/detention does not release him from his obligation to pay the installments incurred while he was in custody. Plaintiff remains obligated to pay those installments justified by the income in his prisoner trust account while he was detained. If Plaintiff fails to remit such payments, the Court authorizes collection from Plaintiff of any balance due on these payments by any means permitted by law. Plaintiff's Complaint may be dismissed if he is able to make payments but fails to do so or if he otherwise fails to comply with the provisions of the PLRA.

In conclusion, Plaintiff's motion to proceed IFP (Doc. 2) is **GRANTED**, and Plaintiff is **ORDERED** to pay an initial partial filing fee of $9.30. While Plaintiff's custodian is ordered to make subsequent payments on Plaintiff's behalf, Plaintiff should note that it is **HIS RESPONSIBLITY** to pay the initial partial filing fee. Thus, Plaintiff must make arrangements to ensure that the initial partial filing fee is paid in accordance with this Order. Plaintiff shall have **FOURTEEN (14) DAYS** from the date shown on this Order to pay the required initial partial filing fee to the clerk of court. Thereafter, Plaintiff's custodian shall remit monthly payments as set forth above. Plaintiff shall keep the Court informed of any future address change. Plaintiff's failure to pay the filing fee or otherwise comply with an order of the court can result in the dismissal of this action.

**INITIAL REVIEW OF COMPLAINT**

Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to conduct an initial screening of a prisoner complaint "which seeks redress from a governmental entity or

officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). A *pro se* prisoner complaint is subject to dismissal prior to service if the court finds that the complaint, when construed liberally and viewed in the light most favorable to the plaintiff, fails to state a claim upon which relief may be granted. *See id.*

Plaintiff's claims arise from his previous incarceration in the Georgia Diagnostic and Classification Prison in Jackson, Georgia. (Doc. 1, at 2, 4). Plaintiff states that on February 16, 2024, he was "stabbed in [his] eye by high security inmates who [he] was not suppose[ed] to be with and [he] did not recieve [sic] or get help." *Id.* at 4. Plaintiff further complains that he "was supposed to see a[n] eye doctor within 48 hours but they never took [him]." *Id.* at 5. Plaintiff claims he "would not have lost vision in [his] left eye[,]" if he had been taken to an eye doctor. *Id.* Plaintiff seeks compensatory and punitive damages as relief. *Id.*

The Warden of Georgia Diagnostic and Classification Prison is the only named Defendant. (Doc. 1, at 2). However, there are no allegations whatsoever within the Complaint which specifically link the Defendant to any unconstitutional act. *See id.* at 4-5. A district court properly dismisses a claim when the plaintiff, other than naming the defendant in the caption of the complaint, fails to state any allegations that connect the defendant with an alleged constitutional violation. *Douglas v. Yates*, 535 F.3d 1316, 1321-22 (11th Cir. 2008) (citing *Pamel Corp. v. P.R. Highway Auth.*, 621 F.2d 33, 36 (1st Cir. 1980)) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong."). Because Plaintiff does not link his claims to Defendant, his Complaint is subject to dismissal.

4

If Plaintiff is pursuing claims against the Defendant solely based on the Defendant's supervisory role, the Complaint would still be subject to dismissal. "It is well established that § 1983 claims may not be brought against supervisory officials on the basis of vicarious liability or respondeat superior." *Keating v. City of Miami*, 598 F.3d 753, 762 (11th Cir. 2010) (citation omitted). Instead, to establish liability against a supervisor, a prisoner must allege facts showing a causal connection between the supervisory defendant's actions and an alleged constitutional violation, such as the supervisor personally participated in the alleged constitutional violation, the supervisor directed his subordinates to act unlawfully, or the supervisor knew his subordinates would act unlawfully but failed to stop them. *Id.*

Here, Plaintiff made no showing of a causal connection between any action of Defendant in a supervisory role and the injuries Plaintiff suffered from being attacked by another inmate. *See Asad v. Crosby*, 158 F. App'x 166, 171-72 (11th Cir. 2005) (quoting *Miller v. King*, 384 F.3d 1248, 1261 (11th Cir. 2004)) (finding that supervisory liability only attaches "when the supervisor personally participates in the alleged unconstitutional conduct *or* when there is a causal connection between the actions of a supervising official and the alleged constitutional deprivation.")

"To establish a § 1983 claim for deliberate indifference, a plaintiff must show '(1) a substantial risk of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) causation.' The first element of deliberate indifference – whether there was a substantial risk of serious harm – is assessed objectively[.]" *Marbury v. Warden*, 936 F.3d 1227, 1233 (11th Cir. 2019) (quoting *Lane v. Philbin*, 835 835 F.3d 1302, 1307 (11th Cir. 2016)). To show the first element, a plaintiff must allege "conditions that were extreme and posed an unreasonable risk of serious injury to his future health or safety."

*Id.* (quoting *Lane*, 835 at 1307). A plaintiff can make this showing by demonstrating either a "general threat" to inmates based on dangerous conditions in the prison or particular area of the prison, or by an individualized risk based on a "specific threat" to the prisoner. *Id.* at 1233, 1235.

To establish the second element of deliberate indifference, a plaintiff must plausibly allege that the defendant: (1) "was subjectively aware that the inmate was at risk of serious harm"; (2) "disregarded that risk"; and (3) "acted with 'subjective recklessness as used in the criminal law[.]'" *Wade v. McDade*, 106 F.4th 1251, 1255 (11th Cir. 2024) (en banc) (first citing *Hoffer v. Sec'y, Fla. Dep't of Corr.*, 973 F.3d 1263, 1270 (11th Cir. 2020); and then quoting *Farmer v. Brennan*, 511 U.S. 825, 839 (1994)). Stated another way, a plaintiff can establish deliberate indifference if he demonstrates that a corrections official objectively "responded to [a] known risk in an unreasonable manner, in that he or she knew of ways to reduce the harm but knowingly or recklessly declined to act." *Marbury*, 936 F.3d at 1233 (citation and internal quotation marks omitted). It is not enough that an inmate proves that the defendant should have known of the risk but did not, as actual knowledge is the key. *See Cottrell v. Caldwell*, 85 F.3d 1480, 1491 (11th Cir. 1996) (quoting *Farmer*, 511 U.S. at 838) ("There is no liability for 'an official's failure to alleviate a significant risk he should have perceived but did not'"); *Carter v. Galloway*, 352 F.3d 1346, 1350 (11th Cir.2003) (finding that "a generalized awareness of risk [of a problematic inmate] does not satisfy the subjective awareness requirement.").

As to causation, the third element necessary for a deliberate indifference to safety claim, "the plaintiff must show a 'necessary causal link' between the officer's failure to act reasonably and the plaintiff's injury." *Marbury*, 936 F.3d at 1233 (citation omitted). This inquiry "focuses . . . on whether an official's acts or omissions were the cause—not merely

a contributing factor—of the constitutionally infirm condition." *LaMarca v. Turner*, 995 F.2d 1526, 1538 (11th Cir. 1993). Here, Plaintiff has failed to satisfy any element of a deliberate indifference to safety claim against his only named Defendant.

Lastly, Plaintiff appears to also raise a claim regarding the lack of medical care for his eye injury. To state a deliberate indifference to a serious medical need claim, Plaintiff's factual allegations must show "(1) a serious medical need; (2) the defendants' deliberate indifference to that need; and (3) causation between that indifference and the plaintiff's injury." *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1306-07 (11th Cir. 2009) (citation omitted). As discussed above, to establish the second element – deliberate indifference – a plaintiff must plausibly allege that the defendant (1) was subjectively aware that his own conduct put the prisoner at a substantial risk of serious harm, (2) the defendant disregarded that risk, and (3) acted with subjective recklessness as used in the criminal law. *Wade*, 106 F.4th at 1255. Again, Plaintiff failed to demonstrate that Defendant acted with deliberate indifference or causation between indifference and his injury.

Upon preliminary review, Plaintiff's Complaint is subject dismissal pursuant to 28 U.S.C. § 1915A for failure to state a claim for which relief may be granted. However, because Plaintiff is proceeding *pro se*, the Court will afford Plaintiff one (1) opportunity to remedy the defects in his Complaint as explained above. *See Duff v. Steub*, 378 F. App'x 868, 872 (11th Cir. 2010). If he wishes to proceed, Plaintiff is required to submit a recast complaint. The recast complaint must contain a caption that clearly identifies, by name, each individual that Plaintiff has a claim against and wishes to include as a Defendant in the present lawsuit. Plaintiff is to name only the individuals associated with the claim that he is pursuing in this action. It is recommended that, when drafting his statement of claims, Plaintiff provide responses to the following questions (to the extent possible)

along with the name of each defendant to which the claim is attributed:

(1)    *How* and *when* did the Defendant become aware of a substantial risk that you could suffer a serious injury at the hands of another inmate?

(2)    *What* did this Defendant do (or not do) in response to this knowledge?

(3)    *How* and *when* did the Defendant become aware of your eye injury?

(4)    *What* did this Defendant do (or not do) in response to this knowledge?

(5)    Is any Defendant a supervisory official and if so, was he/she personally involved in the constitutional violation? If not, how did his/her actions otherwise cause the unconstitutional action? How do you know?

Plaintiff must recast his Complaint on the Court's standard § 1983 complaint form. Plaintiff must honestly and completely answer every question presented on the standard form including his efforts to file grievances regarding the event giving rise to his claim and his other efforts to exhaust his administrative remedies prior to filing this lawsuit.[1] Plaintiff is notified that **one (1) sole operating complaint** is permissible. The general rule is that an amended complaint supersedes an original complaint. *See Schreane v. Middlebrooks*, 522 F. App'x 845, 847 (11th Cir. 2013); *Barber v. Krepp*, 680 F. App'x 819, 821 n.2 (11th Cir. 2017) (declining to consider allegations in *pro se* petitioner's initial pleading since it would have been superseded by the subsequent amended pleading). Plaintiff's recast complaint will take the place of his original complaint. In other words,

---

[1]   Plaintiff should note that he must have exhausted his administrative remedies prior to bringing this federal action. Under the PLRA, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The "question of exhaustion under the PLRA [is] a 'threshold matter' that [federal courts must] address before considering the merits of the case." *Myles v. Miami-Dade Cnty. Corr. and Rehab. Dep't*, 476 F. App'x 364, 366 (11th Cir. 2012) (citing *Chandler v. Crosby*, 379 F.3d 1278, 1286 (11th Cir. 2004). The PLRA's exhaustion requirement is mandatory and "applies to all inmate suits about prison life[.]" *Porter v. Nussle*, 534 U.S. 516, 532 (2002). While Plaintiff is not required to prove exhaustion of administrative remedies at the pleading stage, his recast complaint may be subject to dismissal upon motion of a defendant if he has failed to exhaust his administrative remedies.

the Court will not refer to the original Complaint to see if Plaintiff has stated a viable claim. Accordingly, any fact Plaintiff deems necessary to his lawsuit should be clearly stated in his recast complaint, even if Plaintiff has previously alleged it in another filing. Plaintiff is advised that if he fails to link a named Defendant to a claim, the claim will be dismissed; if Plaintiff makes no allegations in the body of his complaint against a named Defendant, that Defendant will be dismissed. If Plaintiff raises unrelated claims under the same civil action number, the unrelated claims may be dismissed. *See* Fed. R. Civ. P. 20; *Toenniges v. Warden*, 672 F. App'x 889, 890 (11th Cir. 2016) (citing Fed. R. Civ. P. 20(a)) (holding that district court did not abuse its discretion in dismissing as improperly joined claims against two (2) defendants which did not "arise out of the same transaction, occurrence, or series of transactions or occurrences").

Plaintiff should state his claims as simply as possible. He need not use legal terminology or cite any specific statute or case law to state a claim, although the Court will presume that Plaintiff's claims are brought under 42 U.S.C. § 1983 unless otherwise specified. *See* Fed. R. Civ. P. 8. Plaintiff is not to include any exhibits or attachments with his complaint. ***The recast complaint cannot be longer than ten (10) pages in its entirety***.

### CONCLUSION

Plaintiff's motion to proceed IFP (Doc. 2) is **GRANTED**, and he is **ORDERED** to pay a partial initial filing fee of $9.30. Plaintiff is further **ORDERED** to recast his Complaint on the Court's standard form as instructed above. Plaintiff shall have **FOURTEEN (14) DAYS** from the date of this Order to pay the filing fee and to recast his Complaint. While this action is pending, Plaintiff must also immediately inform the Court in writing of any change in his mailing address. **Failure to fully and timely**

**comply with this Order may result in the dismissal of this action.** The Clerk is **DIRECTED** to forward to Plaintiff a standard § 1983 form along with his service copy of this Order (with the civil action number showing on all) for Plaintiff's use in complying with the Order of the Court. There will be no service of process in this case until further order of the Court.

 **SO ORDERED**, this 23rd day of April, 2026.

s/ <u>**ALFREDA L. SHEPPARD**</u>
UNITED STATES MAGISTRATE JUDGE
